**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

NIGEL FRANK DE LA TORRE PARDO,

    Plaintiff,

v.

ARS DIXIE, LP, LOLY'S RESTAURANT
CORP. D/B/A LOLY'S RESTAURANT,
LOS PANCHOS RESTAURANT CORP
D/B/A MAMBO'S GRILL, WINN-DIXIE
STORES, INC. D/B/A WINN-DIXIE STORE
#319 and SON OF A PIZZA PUB, INC.
D/B/A SON OF A PIZZA PUB,

    Defendants.
_____/

## COMPLAINT

Plaintiff, NIGEL FRANK DE LA TORRE PARDO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues ARS DIXIE, LP, LOLY'S RESTAURANT CORP. D/B/A LOLY'S RESTAURANT, LOS PANCHOS RESTAURANT CORP D/B/A MAMBO'S GRILL, WINN-DIXIE STORES, INC. D/B/A WINN-DIXIE STORE #319 and SON OF A PIZZA PUB, INC. D/B/A SON OF A PIZZA PUB (hereinafter "Defendants" when referred to collectively), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA") and 28 U.S.C. §§ 2201 and 2202.

2. The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C.

1

§ 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris*.

4. At all times material, Defendant, ARS DIXIE, LP, owned and continues to own a commercial plaza property at 30318 Old Dixie Highway, Homestead, Florida 33033 (hereinafter the "commercial plaza property") which conducted a substantial amount of business in that place of public accommodation in Miami, Florida.

5. At all times material, Defendant, ARS DIXIE, LP, was and is a Florida Limited Partnership which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Miami-Dade County, Florida

6. At all times material, Defendant, LOLY'S RESTAURANT CORP. D/B/A LOLY'S RESTAURANT, was and is a Florida Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this Complaint in Homestead, Florida.

7. At all times material, Defendant, LOLY'S RESTAURANT CORP. D/B/A LOLY'S RESTAURANT[1], owned and operated a commercial restaurant business located at 30394 Old Dixie Highway, Homestead, Florida 33033 (hereinafter the "restaurant business") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, LOLY'S RESTAURANT CORP, holds itself out to the public as "LOLY'S RESTAURANT."

8. At all times material, Defendant, LOS PANCHOS RESTAURANT CORP D/B/A MAMBO'S GRILL, was and is a Florida Corporation which is registered to conduct business in

---

[1] LOLY'S RESTAURANT CORP. D/B/A LOLY'S RESTAURANT sits within the Defendant/Landlord's commercial plaza property.

2

the State of Florida and has the principal place of business listed in this complaint in Miami-Dade County, Florida.

9. At all times material, Defendant, LOS PANCHOS RESTAURANT CORP D/B/A MAMBO'S GRILL, owned and operated a commercial restaurant business located at 30360 Old Dixie Highway, Homestead, Florida 33033[2] (hereinafter "restaurant business") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, LOS PANCHOS RESTAURANT CORP, holds itself out to the public as "MAMBO'S GRILL."

10. At all times material, Defendant, WINN-DIXIE STORES, INC., was and is a Florida Corporation which is registered to conduct business in the State of Florida and has the principal place of business listed in this complaint in Homestead, Florida.

11. At all times material, Defendant, WINN-DIXIE STORES, INC., owned and operated a commercial restaurant business located at 30346 Old Dixie Highway, Homestead, Florida 33033[3] (hereinafter "grocery store business") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida.  Defendant, WINN-DIXIE STORES, INC, holds itself out to the public as "WINN-DIXIE."

12. At all times material, Defendant, WINN-DIXIE STORES, INC., was and is each a Florida Corporation, organized under the laws of the State of Florida, with its principal place of business in Miami-Dade County, Florida.

13. At all times material, Defendant, SON OF A PIZZA PUB, INC. D/B/A SON OF A PIZZA PUB, was and is a Florida Corporation which is registered to conduct business in the State of

---

[2] LOS PANCHOS RESTAURANT CORP D/B/A MAMBO'S GRILL sits within the Defendant/Landlord's commercial plaza property.
[3] WINN-DIXIE STORES, INC. sits within the Defendant/Landlord's commercial plaza property.

Florida and has the principal place of business listed in this complaint in Homestead, Florida.

14. At all times material, Defendant, SON OF A PIZZA PUB, INC. D/B/A SON OF A PIZZA PUB, owned and operated a commercial restaurant business located at 30390 Old Dixie Highway, Homestead, Florida 33033 (hereinafter "restaurant business") and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, SON OF A PIZZA PUB, INC., holds itself out to the public as "SON OF A PIZZA PUB."

15. At all times material, ARS DIXIE, LP, is the real property owner of the real property/ commercial plaza property that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Homestead, Florida.

16. At all times material, LOLY'S RESTAURANT CORP. D/B/A LOLY'S RESTAURANT, is the individual owner of a restaurant business that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Homestead, Florida.

17. At all times material, LOS PANCHOS RESTAURANT CORP D/B/A MAMBO'S GRILL, is the individual owner of a restaurant business that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Homestead, Florida.

18. At all times material, WINN-DIXIE STORES, INC., is the individual owner of a restaurant business that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Homestead, Florida

19. At all times material, SON OF A PIZZA PUB, INC. D/B/A SON OF A PIZZA PUB, is the individual owner of a restaurant business that is the subject of this ADA lawsuit, which is a place of public accommodation, with its principal place of business in Homestead, Florida

20. Venue is properly located in the Southern District of Florida because Defendants'

commercial plaza property, restaurant businesses and grocery store business are located in Miami-Dade County, Florida; Defendants regularly conduct business within Miami-Dade County, Florida; and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

## FACTUAL ALLEGATIONS

21. Although well over thirty-three (33) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

22. Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants have continued to discriminate against people who are disabled in ways that block them from access and use of Defendants' property and the businesses therein.

23. The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

24. The Defendants in the instant case are the owners of the real property and the owners of tenant businesses located within the subject commercial plaza property at 30318 Old Dixie Highway, Homestead, Florida 33033 which are each a place of public accommodation.

25. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate.

26. Defendant, ARS DIXIE, LP, owns, operates, and oversees the commercial plaza property that is the subject of this ADA Complaint, with all listed areas being open to the public as a commercial business therein.

27. Defendant, LOLY'S RESTAURANT CORP. D/B/A LOLY'S RESTAURANT, owns, operates and oversees a commercial restaurant business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

28. Defendant, LOS PANCHOS RESTAURANT CORP D/B/A MAMBO'S GRILL, owns, operates and oversees a commercial restaurant business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

29. Defendant, WINN-DIXIE STORES, INC., owns, operates and oversees a commercial restaurant business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

30. Defendant, SON OF A PIZZA PUB, INC. D/B/A SON OF A PIZZA PUB, owns, operates and oversees a commercial restaurant business within the subject commercial plaza property, to include all areas open to the public to its commercial business therein.

31. The subject commercial plaza property is open to the public and is located in Miami-Dade County, Florida. The individual Plaintiff visits the commercial property, to include visits to the commercial plaza property, grocery store business and restaurant businesses located within the commercial plaza property, on several occasions to include visits on November 30, 2024 and on December 3, 2024, and encountered multiple violations of the ADA that directly affected his ability to use and enjoy the commercial plaza property. He often visits the commercial plaza property and businesses in order to avail himself of the goods and services offered there, and because it is approximately three (3) miles from his residence and is near other business and he frequents

as a patron. He plans to return to the commercial plaza property within two (2) months from the date of the filing of this Complaint.

32. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, found the commercial plaza property, grocery store business, and commercial restaurant businesses each to be rife with ADA violations. The Plaintiff encountered architectural barriers at the commercial property and restaurant businesses listed in this Complaint and wishes to continue his patronage and use of the premises.

33. The Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has encountered architectural barriers that are in violation of the ADA at the subject commercial plaza property, grocery store business, and restaurant businesses. The barriers to access at Defendants' commercial plaza property, grocery store business, and restaurant businesses have each denied or diminished Plaintiff's ability to visit the commercial plaza property and the businesses therein have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, NIGEL FRANK DE LA TORRE PARDO, and others similarly situated.

34. Mr. De La Torre Pardo is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated much of his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

35. He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty-three (33) years after the legislation of the ADA, to no avail. Mr. De La Torre Pardo is accordingly of the belief that the only way to affect change is through the mechanisms provided

under the ADA.

36. Defendant, ARS DIXIE, LP, owns and operates the commercial real property which is the subject of this ADA Action and which is a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendant, ARS DIXIE, LP, as owner of the commercial real property are accordingly jointly and severally responsible for complying with the obligations of the ADA along with each of its tenants, to include Co-Defendants, LOLY'S RESTAURANT CORP. D/B/A LOLY'S RESTAURANT, LOS PANCHOS RESTAURANT CORP D/B/A MAMBO'S GRILL, WINN-DIXIE STORES, INC. and SON OF A PIZZA PUB, INC. D/B/A SON OF A PIZZA PUB in regard to each tenant's commercial space.

37. The place of public accommodation that Defendant, LOLY'S RESTAURANT CORP. D/B/A LOLY'S RESTAURANT, owns and operates is the juice bar located at 30394 Old Dixie Highway, Homestead, Florida 33033 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlord and Co-Defendant, ARS DIXIE, LP.

38. The place of public accommodation that Defendant, LOS PANCHOS RESTAURANT CORP D/B/A MAMBO'S GRILL, owns and operates is the restaurant located at 30360 Old Dixie Highway, Homestead, Florida 33033 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlord and Co-Defendant, ARS DIXIE, LP.

39. The place of public accommodation that Defendant, WINN-DIXIE STORES, INC., owns and operates is the restaurant located at 30346 Old Dixie Highway, Homestead, Florida 33033 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly

jointly and severally responsible for complying with the obligations of the ADA with its landlord and Co-Defendant, ARS DIXIE, LP.

40. The place of public accommodation that Defendant, SON OF A PIZZA PUB, INC. D/B/A SON OF A PIZZA PUB, owns and operates is the restaurant located at 30390 Old Dixie Highway, Homestead, Florida 33033 (within the commercial plaza that is the subject this ADA complaint) and it is accordingly jointly and severally responsible for complying with the obligations of the ADA with its landlord and Co-Defendant, ARS DIXIE, LP.

41. Defendant/Landlord, ARS DIXIE, LP, as owner of the commercial plaza property, and Co-Defendant/Tenants, LOLY'S RESTAURANT CORP. D/B/A LOLY'S RESTAURANT, LOS PANCHOS RESTAURANT CORP D/B/A MAMBO'S GRILL, WINN-DIXIE STORES, INC. and SON OF A PIZZA PUB, INC. D/B/A SON OF A PIZZA PUB, as owners of the commercial restaurant businesses (respectively) located at the subject property are together each jointly and severally liable for all ADA violations listed in this Complaint for the violations within their leased spaces.

42. Plaintiff, NIGEL FRANK DE LA TORRE PARDO, has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described commercial plaza property and restaurant businesses, including but not necessarily limited to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the commercial plaza property and restaurant businesses, in violation of the ADA. Plaintiff desires to visit the commercial plaza property and restaurant businesses located therein, not only to avail himself of the goods and services available at the commercial plaza property, but to assure himself that the commercial plaza property and restaurant business are in compliance with the ADA, so that he and others similarly

situated will have full and equal enjoyment of the commercial plaza property without fear of discrimination.

43. Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the commercial plaza property, as prohibited by 42 U.S.C. § 12182 et seq.

**COUNT I - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, ARS DIXIE, LP AND TENANT/DEFENDANT, LOLY'S RESTAURANT CORP. D/B/A LOLY'S RESTAURANT, FOR AREAS WITHIN LOLY'S RESTAURANT CORP. D/B/A LOLY'S RESTAURANT'S LEASED PLACE OF PUBLIC ACCOMODATION**

44. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 43 above as though fully set forth herein.

45. Defendants, ARS DIXIE, LP and LOLY'S RESTAURANT CORP. D/B/A LOLY'S RESTAURANT have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited to, the following:

A. Access to Goods

   i. There is seating provided that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

B. Public Restrooms

   i. The Plaintiff could not enter the restroom without assistance, as the required maneuvering clearance was not provided due to the location of objects within the space.

Violation: The restroom door does not provide the required latch side clearance due to a lack of maintenance violating Section 4.13.6 of the ADAAG, 28 CFR 36.211, and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii.    The Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: The restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

    iii.    The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    iv.    The Plaintiff could not transfer to the toilet without assistance, as spacing is less than 1½" for use of a grab bar. Violation: The grab bars do not comply with the requirements prescribed in Sections 4.16.4 & 4.26.2 of the ADAAG and Section and 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    v.    The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    vi.    The Plaintiff could not exit the restroom without assistance, as the required maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT II - ADA VIOLATIONS FOR LANDLORD/DEFENDANTS ARS DIXIE, LP AND TENANT/DEFENDANT, LOS PANCHOS RESTAURANT CORP D/B/A MAMBO'S GRILL, FOR AREAS WITHIN LOS PANCHOS RESTAURANT CORP D/B/A MAMBO'S GRILL' LEASED PLACE OF PUBLIC ACCOMODATION**

46. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

47. Defendants, ARS DIXIE, LP and LOS PANCHOS RESTAURANT CORP D/B/A MAMBO'S GRILL have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited to, the following:

A. Access to Goods and Services

  i. The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily achievable.

  ii. There is seating provided that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

C. Public Restrooms

  i. There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

  ii. The Plaintiff could not exit the restroom without assistance, as the required

maneuvering clearance is not provided. Violation: The restroom door does not provide the required latch side clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

    iii.    The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing and does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware and features that comply with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    iv.    The Plaintiff could not use the accessible toilet compartment without assistance, as the required clear floor space is not provided due to the door swinging into the area. Violation: Compliant clear floor space is not provided in the accessible toilet compartment, violating Sections 4.2.3, 4.22.2, & 4.22.3 of the ADAAG and Sections 304.4 & 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    v.    The Plaintiff could not use the coat hook without assistance, as it is mounted too high. Violation: There are coat hooks provided for public use, outside the reach ranges prescribed in Sections 4.2.5, 4.2.6, and 4.25.3 of the ADAAG and Sections 308 and 604.8.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    vi.    The Plaintiff was exposed to a cutting/burning hazard because the lavatory pipes are not wrapped. Violation: The lavatory pipes are not fully wrapped or insulated violating Section 4.19.4 of the ADAAG and Section 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    vii.    The Plaintiff had difficulty using the toilet without assistance, as it is not mounted at the required distance from the side wall. Violation: The water closet in the accessible toilet

13

compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT III - ADA VIOLATIONS FOR LANDLORD/DEFENDANT, ARS DIXIE, LP AND TENANT/DEFENDANT, WINN-DIXIE STORES, INC., FOR AREAS WITHIN WINN-DIXIE STORES, INC.' LEASED PLACE OF PUBLIC ACCOMODATION**

48. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

49. Defendants, ARS DIXIE, LP and WINN DIXIE STORES, INC. have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited to, the following:

A. <u>Public Restrooms</u>

i. The Plaintiff could not use the accessible toilet compartment door without assistance, as it is not self-closing. Violation: The accessible toilet compartment door does not provide the features that comply with Sections 4.17.5 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii. The Plaintiff could not use the toilet seat cover dispenser without assistance as it is mounted at a location where the clear floor space to access it is not provided. Violation: The clear floor space provided at elements in the restroom violates the provisions of Sections 4.2.4 and 4.27.2 of the ADAAG and Section 305.3 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. The Plaintiff had difficulty using the toilet without assistance, as it is not mounted

at the required distance from the side wall. Violation: The water closet in the accessible toilet compartment is mounted at a non-compliant distance from the wall in violation of Section 4.17.3 and Figure 30(a) of the ADAAG and Section 604.2 of the 2010 ADA Standards, whose resolution is readily achievable.

    iv.    The Plaintiff could not transfer to the toilet without assistance, as objects are mounted less than 12" above a grab bar obstructing its use. Violation: The grab bars in the accessible toilet compartment do not comply with the requirements prescribed in Sections 4.17.6 and 4.26 of the ADAAG and Section 609.3 of the 2010 ADA Standards, whose resolution is readily achievable.

**COUNT IV - ADA VIOLATIONS FOR LANDLORD/DEFENDANTS ARS DIXIE, LP AND TENANT/DEFENDANT, SON OF A PIZZA PUB, INC. D/B/A SON OF A PIZZA PUB, FOR AREAS WITHIN LOS PANCHOS RESTAURANT CORP D/B/A MAMBO'S GRILL' LEASED PLACE OF PUBLIC ACCOMODATION**

50. The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 45 above as though fully set forth herein.

51. Defendants, ARS DIXIE, LP and SON OF A PIZZA PUB, INC. D/B/A SON OF A PIZZA PUB have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, <u>inter alia</u>, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A list of the violations that Plaintiff encountered during his visit to the commercial plaza property and restaurant business, include but are not limited to, the following:

A. <u>Access to Goods and Services</u>

    i.    The Plaintiff could not utilize the bar counter, as it is mounted too high. Violation: There are bar counters that are not at the prescribed height, violating Section 4.32.4 and 5.2 of the ADAAG and Section 902.3 of the 2010 ADA Standards, whose resolution is readily

achievable.

    ii.    There is seating provided that does not comply with the standards prescribed in Section 4.32 of the ADAAG and Sections 226 & 902 of the 2010 ADA Standards, whose resolution is readily achievable.

    iii.    There are drinking fountains that don't provide access to those who have difficulty bending or stooping. Violation: There are drinking fountains that are in violation of Section 4.1.3(10) of the ADAAG and Sections 211.2 & 602.7 of the 2010 ADA Standards, whose resolution is readily achievable.

  D. <u>Public Restrooms</u>

    i.    The Plaintiff could not use the lavatory outside the accessible toilet compartment without assistance, the pipes are not fully wrapped, and objects are located underneath it. Violation: There are lavatories outside accessible toilet compartments with pipes that are not properly insulated and not properly maintained free of obstructions, violating the requirements in Sections 4.19.2, 4.19.4 of the ADAAG, 28 CFR 36.211, and Sections 213.3.4. 606.2, & 606.5 of the 2010 ADA Standards, whose resolution is readily achievable.

    ii.    The Plaintiff could not use the mirrors, as they are mounted too high. Violation: The mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

    iii.    The Plaintiff could not use the soap bottle without assistance, as it requires a tight grasp to operate. Violation: The soap dispensers require a tight grasp to operate in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iv. The Plaintiff could not use the accessible toilet compartment door without assistance, as it does not have compliant door hardware. Violation: The accessible toilet compartment door does not provide hardware that complies with Sections 4.17.5 and 4.13.9 of the ADAAG and Sections 309.4 and 604.8.1.2 of the 2010 ADA Standards, whose resolution is readily achievable.

## RELIEF SOUGHT AND THE BASIS

52. The discriminatory violations described in this ADA Complaint are not an exclusive list of the Defendants' ADA violations. Plaintiff requests an inspection of the Defendants' places of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiff further requests to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiff, NIGEL FRANK DE LA TORRE PARDO, from further ingress, use, and equal enjoyment of the commercial plaza property, grocery store, and restaurants; Plaintiff requests to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

53. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs and activities offered by Defendants' commercial plaza property, and also in the grocery store business and restaurant businesses within the commercial plaza/place of public accommodation; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiff, and

all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act. Plaintiff further requests a remediation plan and the opportunity to participate in the crafting of the remediation plan in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

54. Defendants have discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Defendants have also discriminated against Plaintiff in violation of 42 U.S.C. § 12131 et seq. and 28 C.F.R. Part 35 et seq for excluding Plaintiff by reason of disability from participation in and denying him benefits of the services, programs, or activities of a public entity. Furthermore, the Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

55. Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is

entitled to recover attorneys' fees, costs and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

56. Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendants' places of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

57. Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by the Plaintiff or waived by the Defendants.

58. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's Injunctive Relief, including an order to alter the property where Defendants operate their businesses, located in and/or within the commercial plaza property, and restaurants located at the commercial plaza whose address is listed 30318 Old Dixie Highway, Homestead, Miami, Florida 33033 and the grocery store and restaurants listed as Co-Defendants in this ADA Action, to include the interiors, and exterior areas, of the commercial plaza property, grocery store, and restaurants within the plaza in order to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure its violations of the ADA.

WHEREFORE, the Plaintiff, NIGEL FRANK DE LA TORRE PARDO, respectfully

requests that this Honorable Court issue (i) Injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; (ii) An award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205 ; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: March 20, 2025

          **ANTHONY J. PEREZ LAW GROUP, PLLC**
          *Attorneys for Plaintiff*
          7950 W. Flagler Street, Suite 104
          Miami, Florida 33144
          Telephone: (786) 361-9909
          Facsimile: (786) 687-0445
          Primary E-Mail: ajp@ajperezlawgroup.com
          Secondary E-Mails: jr@ajperezlawgroup.com

          By: ___/s/_Anthony J. Perez_____
               ANTHONY J. PEREZ
               Florida Bar No.: 535451